## Garrett Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*J. Wray Connolly, Moorehead & Knox,* and *Souser & Schumacker,* for petitioner.

*H. F. Stambaugh, Percival H. Granger, T. McKeen Chidsey,* Attorney General, *Arthur R. Schor, Elmer J. Kelsey, J. Howard McGrath,* Attorney General of the United States, *Biddle, Paul, Dawson & Yocum,* and *Wilhelm F. Knauer,* contra.

*Robert Brigham,* master, p. p.

PER CURIAM, April 6, 1950.—This matter comes before us on a petition presented for Eva B. Hoover, claiming to be a distributee of the estate of Henrietta E. Garrett, deceased. The petition prays a citation directed to the administrators, to the master and examiners, and to all other parties in interest represented by counsel, calling on them to show cause why the claim of petitioner should not be received and testimony taken thereon. Petitioner avers, inter alia, that she was advised by one of the examiners that her claim could not be accepted because it was barred by the Act of June 4, 1943, P. L. 872 (20 PS §134.)

The petition cannot be entertained for the practice followed in its presentation is wholly improper. The record shows that the Garrett Estate is a proceeding pending as an audit of an administrator's account. The auditing judge, by decree of April 3, 1936, appointed a master and two examiners to assist him to hear and pass on the claims of the vast number of parties claiming to be distributees as next of kin. The master by the decree is directed to make findings and report his recommendations to the auditing judge.

The master and the examiners since then have passed on almost 26,000 claims, have conducted thousands of hearings and have taken over 100,000 pages of testimony. They are now busily engaged in the herculean task of preparing their report with findings and recommendations. Until that report, with its recommendations, is filed, there is nothing before this court on which to act. Neither may this claimant nor any other claimant be permitted to interrupt the orderly practice of this court by a proceeding such as this in hopes of securing a special ruling on the disposition of his or her individual claim in advance of the filing of the master's report and adjudication.

This must necessarily be, for in this case every claimant is in a sense claiming against the others, so we could not, even if we were disposed to, hear this case piecemeal. Manifestly, therefore, the only proper practice is to require all to wait until the master's disposition and rulings on their respective claims come before the auditing judge in the shape of a report with findings and recommendations. On these the auditing judge must act in the first instance. Only upon exceptions to his adjudication can any claimant, feeling aggrieved, bring the matter before us.

The petition for the citation prayed for is refused.